FLEMING, J., Dissenting
Involved here is the transfer of the remainder interest in property in which a life estate had been willed by Edward Hall of Los Angeles to his wife Marthe resident in Paris. On the death of Marthe in Paris, is the transfer in Los Angeles of the remainder to Hall’s three nieces subject to California inheritance tax? In my view it is.
*227 The property in question was inherited by the three nieces by virtue of the specific provisions of Edward’s will, carried out through the agency of a testamentary trust created by Edward in California. Edward’s will was probated in California, the executrix of his will resided in California, his testamentary trust was established under California law in California, its trustee resided in California, and the trust at all times remained subject to the administration and orders of the Los Angeles Superior Court. The transfer of property to the three heirs was consummated by the transfer of shares from Edward’s estate to the trustee on 24 October 1973 pursuant to order of the Los Angeles Superior Court and by transfer of shares from the trustee to the three nieces on 30 October 1973 pursuant to another order of the Los Angeles Superior Court. Both Edward’s will and the court order authorizing the trust declared: “This trust shall be governed in all respects by the laws of the State of California, United States of America, including validity, interpretation, rights, duties, and property interests.” Continuing jurisdiction over the administration of the trust remained here. (Prob. Code, § 1120.) Clearly, the property passed to the three nieces by virtue of Edward’s will through the agency of a testamentary trust created in, subject to, governed by, and at all times sited in, California. Since the transfer was that of a remainder interest in property in a California testamentary trust, created by Edward’s will pursuant to probate in California, to heirs specified under Edward’s will, the transfer was taxable under California law as a transfer of intangible personal property of a resident decedent or transferor. (Rev. & Tax. Code, §§ 13303, 13401.)
In my view the existence and location of the power of appointment in Marthe are irrelevant to the taxability of the transfer that occurred. True, Marthe had the power to modify the terms of Edward’s will had she chosen to exercise her power of appointment. Whether the existence of this power and of California’s broad statutory assertion of jurisdiction over powers of appointment (Rev. & Tax. Code, § 13696; Estate of Newton (1950) 35 Cal.2d 830 [221 P.2d 952, 19 A.L.R.2d 1399]) would fortify the tax claim of the California Controller is a question we need not decide, for the indisputable taxable event here was the transfer of securities having a situs in California by a California resident decedent or transferor. The succession to property was effected entirely under the authority of California, and hence was taxable. (Rev. & Tax. Code, § 13303.)
Likewise irrelevant to the cause are the locations of the corporations whose shares comprised the property transferred. Respondent interprets *228 the provisions of Revenue and Taxation Code section 13303, subdivision (b), correctly we think, as in effect exempting from inheritance tax certain intangible personal property in California of a deceased nonresident. But we are dealing here with intangible personal property of a resident decedent, Edward Hall, and a resident transferor, his trust. Since both estate and trust are sited here, the provision relating to taxation of nonresidents does not apply.
I would reverse the judgment of the trial court and reinstate the report of the inheritance tax referee.
A petition for a rehearing was denied July 13, 1977, and appellant’s petition for a hearing by the Supreme Court was denied August 25, 1977. Mosk, J., was of the opinion that the petition should be granted.